No. 9665.

## ILES ET AL. *v.* COX.

FRAUDULENT CONVEYANCE.—The conveyance without consideration of any estate subject to execution, to defraud existing creditors, gives them the right to reach such estate, where it appears that the debtor has no other property subject to execution.

SUPREME COURT.—*Harmless Error.*—Where one of several defendants, who has asked no relief, and against whom no judgment or decree has been

rendered, has suffered no injury, the Supreme Court will refuse to exam-- ine any question which he may present upon the record.

SAME.—*Evidence.*—*Objection.*—Where evidence is admitted against several parties who join in a general objection to it, the Supreme Court will not reverse as to any, if the evidence be proper against any one.

From the Howard Circuit Court.

*M. Bell* and *W. C. Purdum,* for appellants.

*J. N. Sims, F. Cooper* and *C. Sims,* for appellee.

MORRIS, C.—The appellee, who was the plaintiff below, filed his complaint in two paragraphs against the appellants.

The first paragraph states, that on the 19th day of February, 1876, Stephen Iles, Andrew Ratcliff and one Amos Kirkpatrick, for a valuable consideration, executed to the appellee their note for $1,500, with interest thereon at ten per cent. per annum, and $150 attorney fees; that afterwards, on the 31st day of May, 1877, the appellee recovered a judgment in the Clinton Circuit Court on said note against the makers. thereof for the sum of $1,687.50, and $50 costs, without re-- lief from appraisement laws; that with due diligence he caused divers writs of execution and alias executions to be issued on said judgment to the county of Clinton, wherein the said Amos Kirkpatrick then resided and to the county of Howard, wherein the said Andrew Ratcliff and the said Stephen Iles then resided and still reside; that said writs were duly delivered to the sheriffs of said counties, and returned by them wholly unsatisfied, and certifying thereon that they could find' no property subject to execution whereon to levy the same; that said judgment remains unsatisfied and in full force, and that there is due thereon $2,500.

That on the 1st day of January, 1872, the said Stephen Iles was the owner of the west half of the northeast quarter of section 34, township 23 north, of range 2 east, which was be-- fore his intermarriage with the appellant Elizabeth Iles; that on said day the said Stephen Iles, in contemplation of future bankruptcy, and for the fraudulent purpose of hindering, de-

Iles *et al. v.* Cox.

laying and defrauding his then and future creditors, and reserving the same for his own use, in defiance of the rights of his said creditors, and without any valuable consideration whatever, conveyed to Sarah E. Iles, his unmarried daughter and a member of his family, nine acres in a square form, being part of said tract of land, and out of the northeast corner thereof, of the then value of $2,000; that on the same day the said Stephen Iles, with the like fraudulent intent and without any consideration, attempted and pretended to convey the residue of said land to the defendants Stephen B. Iles, Oliver P. Iles, William S. Iles, John W. Iles, Rebecca A. Burget and Martha J. Burris, who were, with said Sarah, his children by a former marriage; that said Stephen Iles, by the express terms of said deeds and each of them, reserved to himself a life-estate in each of the parcels of land so conveyed to his children, and the further right to sell and convey the same during his life; that after the execution of said deed, and before the 26th day of February, 1877, the said Sarah departed this life intestate, leaving no surviving husband or issue; that in the meantime the said Stephen Iles, having intermarried with the said Elizabeth, on the 26th day of February, 1877, he and the said Elizabeth, for the purpose of hindering, delaying and cheating their creditors, and especially the appellee, executed to the appellant Martin, who is the son of said Elizabeth, a deed of conveyance for the whole of said land, without any lawful consideration; that the said Stephen Iles has continued to be seized, and still is seized and possessed, of said real estate, and has held and enjoyed the exclusive possession of the same for his own use, with the knowledge of the appellants. It is also alleged that, before and ever since the making of said several conveyances, the said Stephen Iles had no property subject to execution other than the land so conveyed, nor has he since had property subject to execution sufficient to pay and satisfy his just debts, nor has said Kirkpatrick or Ratcliff, since the execution of said note, had property sufficient to satisfy the appellee's judgment. Wherefore

the appellee prays that said deeds may be declared fraudulent, and said real estate subjected to the payment of his debt, etc.

The second paragraph sets out the debt, and the recovery of judgment thereon, as the same are alleged in the first paragraph. It omits the deeds of Stephen Iles to his children as stated in the first paragraph, but sets out the conveyance of Stephen Iles and Elizabeth, his wife, to the said Martin, as the same is stated in the first paragraph. In other respects, the two paragraphs are alike.

Stephen Iles, Elizabeth Iles, Julia Martin and James B. Martin demurred to each paragraph of the complaint, for the reason that neither states facts sufficient to constitute a cause of action.

John W. Iles, Stephen B. Iles, William S. Iles, Oliver P. Iles, Margaret Iles, Rebecca A. Burget and Martha J. Burris demurred separately to the first and second paragraphs of said complaint, on the ground that neither contained facts sufficient to constitute a cause of action. The demurrers were overruled and the appellants excepted.

The appellants Stephen B. Iles, William S. Iles, Oliver P. Iles, John W. Iles, Margaret Iles, Rebecca A. Burget and Martha J. Burris answered the complaint in four paragraphs. The first paragraph of the answer is the general denial; the second paragraph sets out the conveyance to Sarah E. Iles and her death, as the same are stated in the first paragraph of the complaint, and that the above appellees inherited from her one-half of the nine acres so conveyed to her by their co-appellee Stephen Iles. It also admits the conveyance to them of the balance of the real estate, as alleged in said first paragraph of the complaint. It admitted that Stephen Iles reserved a life-estate in all of said land, and that he also reserved the right to sell and convey said real estate, if thought best, at any time during his life, for their benefit, they to have the proceeds of such sale at the death of the said Stephen Iles. It is alleged that the deeds were duly recorded in January,

1873. This paragraph also admits, by not denying the fact, the sale and conveyance of said land by Stephen Iles and wife to said Martin, as stated in said paragraph of said complaint. The paragraph concludes as follows:

" Wherefore, by reason of all the above facts, the plaintiff's cause of action did not accrue within the six years last past before the commencement of this suit."

The third paragraph of the answer is an attempt to set up the statute of limitations. The fourth alleges payment. The appellee demurred to the second and third paragraphs of the answer. The demurrers were sustained and the appellants excepted. The appellee replied in denial of the fourth paragraph of the answer.

Stephen Iles, Elizabeth, his wife, James B. Martin and Julia, his wife, answered the complaint in four paragraphs, to which the appellee replied.

The court found that the deed of Stephen Iles and wife to Martin was fraudulent and void as against the plaintiff below; that the title to all of the nine acres conveyed by Stephen Iles to Sarah E. Iles, except five acres, was in Stephen Iles, and that it and the interest of Stephen Iles, Elizabeth Iles, James B. Martin and Julia Martin, be sold to pay the appellee's judgment. There was no finding or decree against the other appellants.

The rulings of the court upon the demurrer to the complaint and to the second and third paragraphs of the answer of Stephen B. Iles and others, and upon the motion for a new trial, are assigned as errors.

Assuming that the demurrers of Stephen B. Iles and others to the complaint should have been sustained, and that the demurrers to the second and third paragraphs of their answers should have been overruled, the errors of the court in these respects can not avail them, for the reason that nothing is found, nor is any judgment or decree rendered against them, nor did they ask for any finding, judgment or decree in their favor.

The court did not err in overruling the demurrer of Stephen Iles, Elizabeth Iles, James B. Martin and Julia Martin to the complaint. The second paragraph is clearly good as against them. We think the first is also good. At the time Stephen Iles conveyed to Martin, he owned a life-estate in all the land in controversy, and as the heir of his daughter Sarah E., he owned a part of the nine acres in fee previously conveyed by him to her. This interest was conveyed to Martin, and if transferred, as is alleged, without consideration and to cheat and defraud the appellee, as the creditor of Stephen Iles, the conveyance was void as to him, and the interest so conveyed should be made subject to the payment of the appellee's debt. This the decree rendered in the case accomplished, and nothing more.

The conveyance of Stephen and Elizabeth Iles transferred all her title in the land to James B. Martin, and the deed from Martin, being fraudulent, gave her no title in the land which she could assert against the creditors of her husband, to defraud whom she had conveyed.

Nor was there any error in admitting the testimony of Andrew Ratcliff as to a conversation with Stephen Iles. It was competent as against said Iles, though not competent as against his grantee, being made after the execution of the deed. But the objection was general on behalf of all the appellants. There was no error in the admission of this testimony.

The evidence, to say the least of it, tended to support the finding of the court. We can not disturb the finding on the ground that it was not sustained by sufficient evidence.

We think there was no error in the decree of the court as to the nine acres conveyed by Stephen Iles to his daughter Sarah E. Only four-ninths of it was ordered to be sold.

We conclude that that there is no error in the record of which the appellants can complain.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.